# 𝔖𝔱𝔞𝔲𝔫𝔱𝔬𝔫.

W. M. WHEATLEY, ADM'R V. M. E. STAPLETON.

September 20, 1928.

The opinion states the case.

*W. S. Cox*, for the appellant.

*S. W. Coleman*, for the appellee.

CHICHESTER, J., delivered the opinion of the court.

This suit was instituted in the Circuit Court of Scott county by M. E. Stapleton, hereinafter called complainant, against W. M. Wheatley, administrator of the estates of W. H. Wheatley and R. M. Wheatley (hereinafter called the administrator) and the heirs at law and distributees of W. W. Wheatley and R. M. Wheatley. W. H. Wheatley and R. M. Wheatley were husband and wife, parents of all the parties litigant.

The complainant filed her bill alleging that she was a creditor of the estates of her father and mother to the amount of $1,460.00; that the indebtedness resulted originally from a verbal contract on the part of complainant's parents to devise and bequeath to her all their real and personal property, the consideration being that complainant take her parents to her home and nurse and care for them during the remainder of their lives, they being then very old and infirm. That the parents moved to the home of their daughter, the complainant, in pursuance of this agreement, and remained there two years, when they sold all their real estate and left complainant's home. That complainant protested against the sale of the real estate and asserted her willingness and ability to perform the contract as agreed to.

A will had been theretofore made and executed, by the parents, carrying out the provisions of the agreement, but this was destroyed at the time of the sale of the property, and subsequently another will was executed which ignored the contract. However, complainant alleges that her parents promised to compensate her in money and fully for the services rendered them, and this they failed to do.

The bill prayed that an account be taken showing the assets and liabilities of W. H. Wheatley and R. M. Wheatley, the liabilities and debts of the estates

and to whom due; that the accounts of the administrator be stated and settled, and that out of the fund in the hands of the administrator complainant's debt be paid, and that such other debts as may be ascertained to exist be 'paid according to their priorities.

The respondents, brothers and sisters of the complainant, demurred to the bill and answered. The answer denied that the complainant had any just claim against the estates, and alleged that she had been paid $160.00 in full of all claims by her father during his lifetime.

The trial court overruled the demurrer and referred the cause to a commissioner of the court to ascertain and report to the court the following: What property, real and personal, W. H. Wheatley and R. M. Wheatley owned at the time the alleged contract was entered into by them with the complainant, the kind and value thereof; the assets and liabilities of the estates of W. H. Wheatley and R. M. Wheatley, respectively, the nature and value thereof; and the amounts, nature and priorities of such liabilities and to whom due; and any other matter deemed to be pertinent by himself or required by either of the parties to the suit.

After taking evidence introduced on behalf of both parties, the commissioner, among other things, reported that a part of the amount claimed by complainant was barred by the statute of limitations, but that she was entitled to recover $240.00.

The complainant excepted to the finding of the commissioner that any part of her claim was barred by the statute of limitations, and upon the further ground that the amount found to be due complainant ($240.00) was grossly inadequate. The respondents also filed exceptions to the report, but as they are repeated under assignments of error it is not necessary to set them out here.

The court overruled all the respondent's exceptions to the report and sustained all the exceptions of complainant, and decreed: "And the court being of opinion that the complainant's claim for services rendered by her to W. H. Wheatley and R. M. Wheatley, both now deceased, during their lifetime, was not barred at the time of the institution of this suit, and that the sum of seven hundred and twenty dollars ($720.00) was and would be a fair and reasonable compensation to the complainant for her said services, and that complainant was paid the sum of one hundred dollars ($100.00) by the said W. H. Wheatley during his lifetime, which should be entered as a credit or payment on account of the said services rendered by the complainant; and it further appearing to the court that there are now ample funds in the hands of W. M. Wheatley, administrator of the estates of the said W. H. Wheatley and R. M. Wheatley, with which to pay the complainant's claim, which is the only debt or liability against the said estates; is therefore, adjudged, ordered and decreed that the complainant, M. E. Stapleton, recover of the defendant W. M. Wheatley, administrator, with the will annexed, of W. H. and R. M. Wheatley, the sum of six hundred and twenty dollars ($620.00), with interest thereon from the 1st day of October, 1920, and her costs by her in this suit expended."

The respondents charge that the court erred in the following particulars:

1. In overruling the demurrer.

2. In sustaining the exceptions of complainant to the report of the commissioner.

3. In overruling the exceptions of petitioner to the report of the commissioner.

4. In overruling the plea of the statute of limitations.

5. In entering a decretal judgment against petitioner for any sum.

■ ■ (1) So far as the demurrer is concerned, it is only necessary to say that the bill is not one for specific performance of the alleged contract to make a will, and it is immaterial therefore whether this contract was in writing or not. The contract sued on was substituted in the place and stead of the original contract and was based upon the specific promise of the parents to pay for services rendered them by their daughter. The bill is in the nature of a creditor's bill filed for the benefit of the plaintiff and any other creditors who may care to join in the proceedings. It also prays for a settlement of the administrator's accounts. Equity has jurisdiction of such a cause.

■ (2 and 3) The court did not err in sustaining the exceptions of the complainant to the report of the commissioner and in overruling the exceptions of the respondent, and in decreeing to the complainant the sum of $720.00 subject to a credit of $100.00. The contract between complainant and her parents was clearly proved by the evidence of complainant and the fact that there was such a contract as testified to by her is corroborated by the following facts and circumstances:

(1) That immediately after the contract was entered into complainant moved her parents, who then lived about three miles from her, and their personalty to her home.

(2) That W. H. Wheatley had previously tried to induce some of his other children to take care of him and his wife, offering to compensate them for so doing, but each of them had refused.

(3) That shortly after they moved to the home of complainant, her father and mother did in fact make a will in favor of complainant.

In addition, the commissioner in the case (who was acquainted with the witnesses, heard their testimony, saw and observed their conduct and demeanor while testifying), expressly held and reported that there was such an agreement or contract entered into by and between complainant and her parents as claimed by the complainant.

It shows that the parents, after they had disposed of their real estate and left their daughter's home, recognized that they were indebted to her for services rendered, and promised to compensate her therefor.

The evidence further shows that complainant rendered the services to her parents during a period of two years and one month, the kind and nature of such services, the physical condition of her parents during the time of the rendition of the services, and that her services were reasonably worth at least two dollars per day.

(4) It is necessary to dispose of one other question in the case, namely the action of the court with reference to the plea of the statute of limitations. It is contended by respondent that because the complainant's parents left her home in November, 1919, and destroyed the will made in her favor, that the cause of action accrued at that time, which was more than three years before the death of the parents or the institution of this suit. W. H. Wheatley died on January 2, 1923, and his wife died on January 3, 1923.

Under the contract as established by the evidence the parents did not agree to compensate complainant until their death, and hence the cause of action did not accrue until that time. This suit was instituted within a few months after the death of the parents.

There was no error in the decree of the Circuit Court, and it is affirmed.

*Affirmed.*